IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARIA GUADALUPE MARTINEZ, Individually, as a Legal Representative of the Estate of DELFINO GARCIA, and Next Friend of GEMMA GARCIA, a Minor, GRETCHELL GARCIA, a Minor, DELFINO GARCIA, JR., a Minor, and DELIA MACEDO, Next Friend of EMELY PARTICIA GARCIA,<br>*Plaintiffs,*<br><br>v.<br><br>DONNIE FOSTER, COMMUNITY EDUCATION CENTERS, INC., JAGDISH A. SHAH, and JOHN DOES #1 THROUGH #35,<br>*Defendants.* | § § § § § § § § § § § § § § § § § | Case No. 4:13CV59-RAS-KPJ |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the Report and Recommendation of the Magistrate Judge (the "Report") in this action (Dkt. 138), this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636, containing proposed findings of fact and recommendations that Defendant Jagdish A. Shah's ("Dr. Shah") Amended Motion to Dismiss (Dkt. 122) be **GRANTED**.

On March 27, 2017, Plaintiffs filed objections to the Report (*see* Dkt. 143). The court has made a *de novo* review of the objections raised by Plaintiffs and is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections are without merit as to the ultimate findings of the Magistrate Judge. The court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this court.

1

Plaintiffs brought this civil rights lawsuit under 42 U.S.C. § 1983, asserting the rights of Delfino Garcia ("Garcia"), deceased, a former pretrial detainee at the Fannin County Jail ("Fannin County"). Plaintiffs object, primarily, to the Magistrate Judge's conclusion that Plaintiffs' § 1983 claims against Dr. Shah are barred by the statute of limitations. Although Plaintiffs acknowledge that their claims are subject to the two-year statute of limitations set forth in Texas Civil Practice and Remedies Code § 16.003, they contend that since they filed claims against Dr. Shah within two (2) years of Garcia's death, their claims were timely. *See* Dkt. 143 at 3. Under § 16.003(b), a wrongful death cause of action accrues "on the death of the injured person." TEX. CIV. PRAC. & REM. CODE § 16.003.

As the Report clearly explains, however, a § 1983 claim arising from inadequate medical care resulting in death accrues when the decedent knew or should have known that he was receiving inadequate treatment. *See Brockman v. Texas Dep't of Criminal Justice*, 397 F. App'x 18, 22 (5th Cir. 2010). In the present case, the Magistrate Judge correctly determined that Plaintiffs' claims against Dr. Shah accrued when Garcia knew or had reason to know he was receiving inadequate treatment. *See* Dkt. 138 at 8. In the facts outlined by the Magistrate Judge—which Plaintiffs do not challenge—Garcia had elevated blood glucose levels throughout his two-week detention at Fannin County and repeatedly requested that Dr. Shah prescribe different medications to lower his blood sugar levels. *See* Dkt. 138 at 8. Therefore, Garcia knew, or had reason to know, the treatment he was receiving from Dr. Shah was inadequate. Since the last day Dr. Shah treated Garcia was on February 3, 2011, the Magistrate Judge correctly concluded that the limitations period began to run on February 4, 2011, and expired two (2) years later on February 5, 2013. Because Plaintiffs failed to assert their § 1983 claims against Dr. Shah before this deadline, the claims are subject to summary dismissal. *See Harris v. Hegmann,* 198 F.3d 153, 156

(5th Cir. 1999) ("Dismissal is appropriate if it is clear from the face of the complaint that the claims asserted are barred by the applicable statute of limitations.").

Plaintiffs also complain that the Report considers the running of limitations only on the claims on behalf of the Estate under Texas' survival statute. *See* Dkt. 143 at 2. Plaintiffs seem to be arguing that the Magistrate Judge's recommendation of dismissal should be limited to claims of the Estate, as opposed to those of the other Plaintiffs. However, it is readily apparent from the Report that the Magistrate Judge considered the timeliness of each of Plaintiff's claims against Dr. Shah, not merely those claims advanced on behalf of the Estate. Moreover, given that each of Plaintiff's claims against Dr. Shah arose under the same statutory provisions and from the same incidents, the Magistrate Judge's statute of limitations analysis is applicable to all Plaintiffs. Accordingly, the court finds that the § 1983 claims advanced by each Plaintiff against Dr. Shah, in whatever capacity, are time barred, and Plaintiffs' objection on this ground is overruled.

Plaintiffs also object to the Magistrate Judge's analysis of their standing to sue. They do not object to the Magistrate Judge's conclusion that, as a personal representative of the Estate, Plaintiff Maria Martinez ("Martinez") had capacity to bring a survival action, but not a wrongful death action, for the benefit of the Estate. *See* Dkt. 138 at 6-7. However, Plaintiffs argue the Magistrate Judge failed to "consider the effect of Ms. Martinez's standing and capacity, individually, or as next friend of decedent Garcia's minor children, to bring Section 1983 claims under Texas' wrongful death statute." Dkt. 143 at 2.

The basis for Plaintiffs' objection is unclear, as the Magistrate Judge expressly noted the court's prior determination that Martinez has standing to assert § 1983 claims on her own behalf, as Garcia's surviving spouse. *See* Dkt. 138 at 5 n. 3 ("Plaintiff Martinez filed this lawsuit in several different capacities. Her standing to sue in her individual capacity as Garcia's wife was the subject

3

of the Court's June 16, 2016, Post-Judgment Order (Dkt. 121)."). Furthermore, the Report acknowledges Plaintiff Martinez's capacity to assert a wrongful death claim on behalf of Garcia's minor children and Plaintiff Delia Macedo's ("Macedo") capacity to sue as next friend of Emely Garcia, even though Dr. Shah's Amended Motion to Dismiss did not challenge Martinez and Macedo's standing to sue in these capacities. *See id.* Plaintiffs' objections are, therefore, without merit.

Accordingly, Defendant Jagdish A. Shah's Amended Motion to Dismiss (Dkt. 122) is **GRANTED**. The case as to Dr. Shah shall be **DISMISSED WITH PREJUDICE** with all costs to be borne by the party incurring same.

**IT IS SO ORDERED**.

**SIGNED** this the 30th day of March, 2017.

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE