IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MARIA GUADALUPE MARTINEZ, Individually, as a Legal Representative of the Estate of DELFINO GARCIA, and Next Friend of GEMMA GARCIA, a Minor, GRETCHELL GARCIA, a Minor, DELFINO GARCIA, JR., a Minor, and DELIA MACEDO, Next Friend of EMELY PARTICIA GARCIA,<br>　　　　*Plaintiffs,*<br><br>v.<br><br>DONNIE FOSTER, COMMUNITY EDUCATION CENTERS, INC., JAGDISH A. SHAH, and JOHN DOES #1 THROUGH #35,<br>　　　　*Defendants.* | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:13CV59 |

**MEMORANDUM ADOPTING REPORT AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Came on for consideration the Report and Recommendation of the Magistrate Judge (the "Report") in this action (Dkt. 139), this matter having been heretofore referred to the United States Magistrate Judge pursuant to 28 U.S.C. § 636, containing proposed findings of fact and recommendations that Defendant Sheriff Donnie Foster's ("Foster") Amended Motion to Dismiss (Dkt. 124) be **GRANTED IN PART AND DENIED IN PART**.

On March 24, 2017, Defendant Foster filed objections to the Report (*see* Dkt. 142). The court has made a *de novo* review of the objections raised by Defendant Foster and is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and the objections are without

1

merit as to the ultimate findings of the Magistrate Judge. The court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of this court.

Plaintiffs brought this civil rights lawsuit under 42 U.S.C. § 1983, asserting the rights of Delfino Garcia ("Garcia"), deceased, a former pretrial detainee at the Fannin County Jail ("Fannin County"). Plaintiffs allege that Defendant Foster, in his capacity as Sheriff of Fannin Conty, is the "keeper of the county jail." *See* Dkt. 88 at 31. Defendant Foster first objects to the Magistrate Judge's conclusion that Plaintiff Maria Martinez ("Martinez") has standing to assert a survival claim on behalf of the Garcia's estate (the "Estate"). *See* Dkt. 142 at 11. Defendant Foster renews his argument that Martinez lacks capacity to assert claims on behalf of the Estate as Garcia's heir.

It is well-settled under Texas law that the personal representative of a decedent's estate is generally the only person entitled to sue on the estate's behalf. *See Frazier v. Wynn*, 472 S.W.2d 750, 752 (Tex. 1971). Before an heir at law can maintain a suit to recover property belonging to the estate in her individual capacity as heir, she must allege and prove that there is no administration pending and none necessary. *See id.* However, Texas law does not preclude the possibility of a decedent's heir serving as the legal representative of the decedent's estate and filing suit to recover estate property in her representative capacity. *See Stewart v. Hardie*, 978 S.W.2d 203, 207 (Tex. App. 1998) ("An heir may be a personal representative."); *see also, Shepherd v. Ledford,* 926 S.W.2d 405, 413 (Tex. App. 1996), *writ granted* (Mar. 21, 1997), *aff'd and remanded,* 962 S.W.2d 28 (Tex. 1998) ("The Probate Code states that the terms 'personal representative' or 'representative' *include* an executor, independent executor, administrator, independent administrator and temporary administrator. Tex. Prob. Code Ann. § 3(aa) (Vernon 1980). Nothing

in the wording of the subsection suggests that it is the exclusive list of persons who may become an estate's 'representative.'").

As noted in the Report, Plaintiffs have consistently asserted that Martinez is not only Garcia's heir, but the legal representative of the Estate. *See* Dkt. 139 at 7. As the legal representative of the Estate, Martinez is entitled to bring a lawsuit to recover Estate property whether or not estate administration is necessary. Accordingly, the court finds no error in the Magistrate Judge's conclusion that Plaintiffs have pled sufficient facts to establish Martinez's capacity to bring a survival action on behalf of the Estate.

Defendant Foster also objects to the Magistrate Judge's conclusion that Plaintiffs' Third Amended Complaint is not a "shotgun pleading" subject to summary dismissal. *See* Dkt. 142 at 13-14. As the Magistrate explained, an objectionable shotgun pleading is one that includes irrelevant and unrelated facts not tied to specific causes of action such that the claims are unclear and the defendant's task in defending them is significantly impaired. *See* Dkt. 139 at 8. Although the narrative in Plaintiffs' Third Amended Complaint may not be artfully drafted, Plaintiffs cite specific facts and allegations relevant to the particular claims against each defendant. Thus, the court finds no error in the Magistrate Judge's conclusion that Plaintiffs' Third Amended Complaint did not run afoul of any rule precluding shotgun pleadings. Accordingly, Foster's objection is overruled.

Next, Defendant Foster objects to the Magistrate Judge's conclusion that Plaintiffs' Fourteenth Amendment claims should proceed. He contends the claims should be dismissed because: (1) Plaintiffs do not allege Foster was personally involved in the alleged incidents; (2) Plaintiffs assert only impermissible vicarious and strict liability claims; and (3) Plaintiffs make

no specific factual allegations concerning a policy or custom implemented by Defendant Foster or his employer, Fannin County. *See* Dkt. 142 at 14-23. In order to state an official-capacity claim against Defendant Foster for violation of Garcia's rights under the Fourteenth Amendment, Plaintiffs were required to "allege that an official policy or custom 'was a cause in fact of the deprivation of rights inflicted.'" *Spiller v. City of Texas City, Police Dep't*, 130 F.3d 162, 167 (5th Cir. 1997) (quoting *Leffall v. Dallas Indep. Sch. Dist.,* 28 F.3d 521, 525 (5th Cir. 1994)); *see also Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 694 (1978); *Piotrowski v. City of Houston*, 237 F.3d 567, 579–80 (5th Cir. 2001). The court concludes that Plaintiffs' Third Amended Complaint satisfies this initial pleading requirement. As noted in the Report, Plaintiffs charge Foster with personally:

> 1) creating an atmosphere that fostered, allowed, and promoted inadequate procedures in providing medical care to detainees at Fannin County Jail;
>
> 2) creating a policy, practice, and custom of failing to properly investigate whether such lack of care provided to detainees would constitute a violation of Tex. Admin. Code §§ 273.1, 273.2, 273.3, 273.4, Tex. Local Gov't Code § 351.002, and Tex. Penal Code § 19.05; and
>
> 3) creating a policy, practice, and custom of not responding to medical needs in a manner designed to cause serious harm to the inmate, disregarding continual pleas for help when the agents, employees, and/or representatives knew or should have known that a a [*sic.*] diabetic person could need medical help.

Dkt. 88 at 32. Plaintiffs further allege Foster implemented these policies, practices, and customs "without regard to whether [they] might result in serious harm to a person such as Mr. Garcia." *Id.* In addition, Plaintiffs allege Foster's actions "were the moving force behind JOHN DOES NO. 1 through 28's deliberate indifference to the serious medical needs of Mr. Garcia." *Id.* The court finds these allegations sufficient to state a § 1983 claim for purposes of these Rule 12 proceedings.

In his next objection, Defendant Foster challenges the Magistrate Judge's conclusion that he is not entitled to qualified immunity at this stage of the litigation. *See* Dkt. 142 at 24. Qualified immunity is a defense to individual capacity claims against public officials. *See Walker v. Howard*, 517 F. App'x 236, 237 (5th Cir. 2013) (citing *Kentucky v. Graham*, 473 U.S. 159, 166–67, (1985) (officials sued in their individual capacities "may . . . be able to assert personal immunity defenses," including qualified immunity, that are not available in official-capacity suits). In this case, the court agrees with the Magistrate Judge's conclusion that because Plaintiffs' Third Amended Complaint fails to state individual capacity claims against Sheriff Foster, such claims are not properly before the court. *See* FED. R. CIV. P. 8. Thus, Foster's objection on the issue of qualified immunity is moot.

Finally, Defendant Foster challenges the Magistrate Judge's conclusion that Plaintiffs have not abandoned their claims against the John Doe defendants. *See* Dkt. 142 at 28. Although Defendant Foster correctly notes that Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief," FED. R. CIV. P. 8(a)(2), he argues Plaintiffs failed to meet this requirement when they included allegations against the John Doe defendants in the "Background Facts" section of their pleading, as opposed to the separate "Cause of Action" section. However, nothing in the language of Rule 8 requires a party to specifically label claims as such, include statements of claims in a particular section of a pleading, or otherwise delineate claims clearly stated in the pleading. Therefore, the court finds this objection to be without merit.

Accordingly, Defendant Donnie Foster's Amended Motion to Dismiss (Dkt. 124) is **GRANTED IN PART AND DENIED IN PART** as follows: (1) Martinez's wrongful death claim

against Defendant Foster on behalf of the Estate is **DISMISSED**; (2) Plaintiffs' claims pursuant to the Texas Constitution are **DISMISSED**; (3) Plaintiffs' claims under the Eighth Amendment are **DISMISSED**; and (4) Defendant Foster is not entitled to qualified immunity at this time. Plaintiffs' claims under the Fourteenth Amendment, as well as their survival action on behalf of the estate, shall proceed.

      **IT IS SO ORDERED**.

      **SIGNED this the 30th day of March, 2017.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE