# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | |
|---|---|
| MARIA GUADALUPE MARTINEZ, Individually, as a Legal Representative of the Estate of DELFINO GARCIA, and Next Friend of GEMMA GARCIA, a Minor, GRETCHELL GARCIA, a Minor, DELFINO GARCIA, JR., a Minor, and DELIA MACEDO, Next Friend of EMELY PARTICIA GARCIA, *Plaintiffs*, v. DONNIE FOSTER, COMMUNITY EDUCATION CENTERS, INC., JAGDISH A. SHAH, and JOHN DOES #1 THROUGH #35, *Defendants*. | Case No. 4:13-CV-59 Appeal No. 17-40776 |

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFFS' MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL**

On June 21, 2017, this court entered a final judgment as to Defendant Jagdish A. Shah. The Plaintiffs filed a notice of appeal on Monday, July 24, 2017. Also on Monday, July 24, 2017, the Plaintiffs filed a "Motion for Extension of Time to File Notice of Appeal" (docket entry #164). In their motion, the Plaintiffs note that the final day for filing a timely notice of appeal was Friday, July 21, 2017. However, Plaintiffs' counsel explains that the appellate deadline was mistakenly calendared for Saturday, July 22, 2017 which would have afforded the Plaintiffs until Monday, July 24, 2017 to timely file their notice of appeal. *See* FED. R. APP. P. 26(a)(1)(C). Plaintiffs' counsel states that the calendaring error was discovered when counsel prepared the notice of appeal on Monday, July 24, 2017.

1

Rule 4(a)(1)(A) of the Federal Rules of Appellate Procedure affords a civil appellant 30 days after entry of judgment in which to file a notice of appeal.  Pursuant to Rule 4(a)(5) of the Federal Rules of Appellate Procedure, a district court may extend the time to file a notice of appeal if a party moves the court for an extension no later than 30 days after the time prescribed by FED. R. APP. P. 4(a) expires and shows excusable neglect or good cause.

In *Pioneer Investment Services Co. v. Brunswick Assocs. Ltd. Partnership*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993), the United States Supreme Court established the following factors to determine excusable neglect:

> Because Congress has provided no other guideposts for determining what sorts of neglect will be considered "excusable," we conclude that the determination is at bottom an equitable one, taking account of all relevant circumstances surrounding that party's omission.  These include, as the Court of Appeals found, the danger of prejudice [ ], the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith.

*Pioneer*, 113 S.Ct. at 1498 (footnotes omitted).

In light of the foregoing, the court finds that the Plaintiffs have shown that the untimely filing of their notice of appeal by one day was due to excusable neglect.  The court finds that it is unlikely that Defendant Jagdish A. Shah will suffer prejudice from the Plaintiffs' delay in filing their notice of appeal.  *See Stotter v. Univ. of Tex. at San Antonio*, 508 F.3d 812, 820 (5th Cir. 2007).  It is, therefore,

**ORDERED** that the Plaintiffs' "Motion for Extension of Time to File Notice of Appeal" (docket entry #164) is hereby **GRANTED**.  It is further

**ORDERED** that the Clerk of this Court shall forward a copy of this memorandum to the

United States Court of Appeals for the Fifth Circuit and to the parties in this lawsuit.

IT IS SO ORDERED.

**SIGNED this the 28th day of July, 2017.**

_____
RICHARD A. SCHELL
UNITED STATES DISTRICT JUDGE